Filed 7/15/15  P. v. Alcantar CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

THE PEOPLE,

    Plaintiff and Respondent,

        v.

JUAN EDUARDO ALCANTAR,

    Defendant and Appellant.

F069143

(Super. Ct. No. PCF242897)

**OPINION**

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Kathryn T. Montejano, Judge.

Mark J. Shusted, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, State of California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Kane, Acting P. J., Poochigian, J. and Peña, J.

Juan Eduardo Alcantar filed a petition to have his felony conviction for evading a police officer reduced to a misdemeanor pursuant to the provisions of Penal Code section 17, subdivision (b).[1] The trial court denied the petition, and Alcantar filed a notice of appeal.

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. By letter dated July 8, 2013, we invited Alcantar to inform us of any grounds for the appeal he would like us to consider. Our letter was returned as undeliverable.

We have reviewed the record and conclude the trial court did not abuse its discretion when it denied Alcantar's petition. Accordingly, we affirm the order.

## FACTUAL AND PROCEDURAL SUMMARY

In 2010 Alcantar pled no contest to felony evading a police officer (Veh. Code, § 2800.2, subd. (a)) and driving with a blood-alcohol content above .08 percent (*id.*, § 23152, subd. (b)). He was sentenced to felony probation on the condition he spend 300 days in custody and attend various classes related to the driving under the influence of alcohol count.

It appears from the record that Alcantar successfully completed all of the terms and conditions of probation. On January 22, 2014, Alcantar filed a petition to have the felony reduced to a misdemeanor pursuant to section 17, subdivision (b)(3). Presumably, if the petition was granted, Alcantar would file a petition to have the charges dismissed pursuant to section 1203.4. Alcantar explained that he was seeking relief because he had changed his life and was no longer a danger to society, his convictions made it difficult to obtain employment, and he recently had married and needed employment to support his family.

---

[1]All further statutory references are to the Penal Code unless otherwise stated.

2.

The prosecution opposed the request arguing, in essence, that the recency of the convictions militated against granting relief at this time. The trial court agreed and denied the petition. However, the trial court encouraged Alcantar to file another petition the following year at which time the trial court would "seriously consider reducing it to a misdemeanor."

Alcantar appeals from the denial of his petition.

## DISCUSSION

Section 17, subdivision (a) explains how to classify a crime as either a felony (a crime punishable by death, imprisonment in state prison, or imprisonment in county jail pursuant to section 1170, subdivision (h)) or a misdemeanor (every other crime except for infractions). Section 17, subdivision (b) provides that when a crime may be punished as either a felony or a misdemeanor (i.e., a wobbler), it is a misdemeanor for all purposes when (1) the punishment imposed is not imprisonment in state prison or imprisonment in county jail pursuant to section 1170, subdivision (h) (§ 17, subd. (b)(1)); (2) the trial court designates the crime as a misdemeanor (*id.,* subd. (b)(2)); or (3) "When the [trial] court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor" (*id.,* subd. (b)(3)).

Alcantar made his application pursuant to the provisions of section 17, subdivision (b)(3). When ruling on such an application, "section 17(b) … rests the decision whether to reduce a wobbler solely 'in the discretion of the court.' By its terms, the statute sets a broad generic standard. [Citation.] The governing canons are well established: 'This discretion … is neither arbitrary nor capricious, but is an impartial discretion, guided and controlled by fixed legal principles, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice. [Citations.]' [Citation.] 'Obviously the term is a broad and elastic one [citation] which we have equated with "the sound judgment of the court, to be exercised according

3.

to the rules of law." [Citation.]' [Citation.] Thus, '[t]he courts have never ascribed to judicial discretion a potential without restraint.' [Citation.] 'Discretion is compatible only with decisions "controlled by sound principles of law, … free from partiality, not swayed by sympathy or warped by prejudice .…" [Citation.]' [Citation.] '[A]ll exercises of legal discretion must be grounded in reasoned judgment and guided by legal principles and policies appropriate to the particular matter at issue.' [Citation.]" [¶] On appeal, two additional precepts operate: 'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citation.] Concomitantly, '[a] decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge."'" (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.)

Our review of the record establishes the trial court did not abuse its discretion. The relevant facts are not in dispute. Alcantar committed the crime, performed exceptionally while on probation, and met all the requirements for relief. However, he had just completed his probation term, and the trial court justifiably wanted to be certain Alcantar would continue this exemplary behavior without direct probation supervision. To reach a different result, we would have to substitute our judgment for that of the trial court, an action that we are prohibited from taking.

## DISPOSITION

The order appealed from is affirmed.